230 P.2d 233

**PATTERSON et al. v. PATTERSON.**

No. 5294.

Supreme Court of New Mexico.

April 9, 1951.

Rehearing Denied May 1, 1951.

Paul B. Palmer, Farmington, for appellants.

L. R. Patterson, pro se.

COMPTON, Justice.

This is an appeal from an order sustaining a motion for judgment on the pleadings.

The complaint alleges, in substance, the following: That on November 29, 1946, the parties entered into a conditional sales contract whereby appellants purchased a

motor truck and trailer from appellee for a consideration of $15,000, $5,000 of which was paid in cash and the balance to be paid in 24 consecutive monthly installments of $442.71 each, payable at the office of the Valley National Bank of Mesa, Arizona; that appellee thereafter assigned his interest in the contract to said bank which became the owner thereof; that at the time of the purchase there were outstanding delinquent fuel and transportation taxes due by appellee to the State of California in the approximate amount of $2,491.42; that on March 19, 1947, appellants took the truck and trailer from Arizona to the State of California where it was seized and impounded by the State of California for such delinquencies until August 15, 1947; that appellants paid said indebtedness due by appellee to the State of California in order to obtain a release of the equipment and that, due to its seizure and detention, they have been damaged in amount of $15,000. Judgment is asked accordingly.

Appellee answered, admitting the contract, but denied the allegations with respect to delinquent fuel and transportation tax due the State of California, and any liability for damages by reason of the alleged detention of the truck and trailer by the State of California.

With respect to the place of operation of the truck and trailer the contract contains the following pertinent provision:

"Purchaser * * * agrees * * * not to take the same out of the State of Arizona."

The motion for judgment on the pleadings, in part, reads: "That under paragraph 1 under 'Terms and Conditions' of the purchase contract between Plaintiffs and Defendant of Exhibit 1 of the Amended Complaint herein specifically provides that Plaintiffs 'Purchaser' should not take the same out of the State of Arizona; namely, the property relative to which this action is brought; that the Amended Complaint alleges that the alleged damage claimed by Plaintiffs resulted from seizure of said property by the State of California and impounding the same in the State of California; and all damages alleged by Plaintiffs were the result of Plaintiffs' violation of the terms of the purchase contract."

Thus it is seen that the court correctly sustained the motion. The contract, in no uncertain terms, provides that the truck should not be taken out of the State of Arizona. Clearly, appellants' breach of the contract resulted in the damages for which they now complain.

What is said in brief of appellants or in oral argument by defendant, appearing pro se but filing no brief, about matters not appearing of record cannot, of course, properly affect our decision. If it be true, as plaintiffs assert, outside the record, that sale of the truck was for the very purpose of enabling plaintiffs to operate a freight

truck line between Arizona and California, no mention of it is made in the pleadings.

On the contrary, if it be true as likewise asserted by defendant, also outside the record, that the indebtedness for which lien on the truck was claimed by the State of California was largely incurred by plaintiffs themselves through unauthorized and wrongful use of defendant's credit card in their possession, a like comment as to plaintiffs' off the record assertion applies—nothing is said about it in the pleadings.

The fact that all these matters are outside the record renders it out of place for us to consider or determine questions which either matter suggests as merely incidental, such as when and under what conditions, if such be the law, temporary removal of a truck or automobile from the state with the intention of presently returning it, will not be deemed a violation of a covenant like the one before us not to take it outside the state; or any other question not presented even if arising on the record, unless it be jurisdictional or rests on a claim of fundamental error.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER and Mc-GHEE, JJ., concur.

COORS, J., not participating.